UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., A Corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LEO KRAMER, AUDREY KRAMER; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No: C 13-3752 SBA<br><br>**ORDER REMANDING ACTION** |

　　　On March 21, 2013, Plaintiff Bank of America, N.A., filed an unlawful detainer action against Leo and Audrey Kramer in the Superior Court of the State of California, County of Alameda. On August 13, 2013, Defendants, acting pro se, filed a Notice of Removal based on diversity jurisdiction.

　　　A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). The federal removal statute permits the removal of an action which could have been brought originally in federal court. See 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192

(9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction") (citing Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)).

District courts have diversity jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). The amount in controversy is determined by the amount of damages or the value of the property that is the subject matter of the action. Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 433 (1977). The diversity statute is strictly construed, and any doubts are resolved against finding jurisdiction. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983).

Defendants have failed to carry their burden of demonstrating the existence of diversity jurisdiction. Plaintiff commenced the state court action as a "Limited Civil Jurisdiction" matter in which the amount demanded does not exceed $10,000. Thus, assuming arguendo that there is complete diversity between the parties, Defendants cannot show that at least $75,000 is in controversy. Remand is therefore warranted. See Louden, LLC v. Martin, No. C 12-5972 SBA, 2012 WL 6020059, *2 (N.D. Cal. Dec. 3, 2012) (remanding unlawful detainer action on the ground that plaintiff limited its demand to $10,000); see also Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992) (lack of specific facts demonstrating that the amount in controversy at the time of removal met the jurisdictional minimum justified remand).[1] Accordingly,

IT IS HEREBY ORDERED THAT, pursuant to 28 U.S.C. § 1447(c), the instant action is REMANDED to Alameda County Superior Court. The Clerk shall terminate all pending matters and close the file.

IT IS SO ORDERED.

Dated: September 9, 2013

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] Because the Court is remanding the action for lack of jurisdiction sua sponte, it need not address Plaintiff's motion to remand filed on August 28, 2013. Dkt. 7.